UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| DARREN BADGETT )<br>1196 Warren Avenue )<br>Brockton, MA 02301 )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>MASSACHUSETTS BAY COMMUTER )<br>RAILROAD COMPANY )<br>89 South Street )<br>8th Floor )<br>Boston, MA 02210 )<br>Defendant. ) | **COMPLAINT &**<br>**JURY TRIAL DEMAND** |

**COMPLAINT**

1.      Plaintiff, Darren Badgett, is an adult individual residing at 1196 Warren Avenue, Brockton, MA 02301.

2.      Defendant, Massachusetts Bay Commute Railroad Company (MBCR), is a public corporation and common carrier by rail, operating a line and system of railroads and doing business at 89 South Street, 8th Floor, Boston, MA 02210.

3.      At all times relevant hereto, Defendant MBCR was a common carrier of passengers for hire and by rail engaged in interstate commerce and conducted such activities to a substantial extent in Boston, MA.

4.      Plaintiff was employed by Defendant from July, 2003 through June, 2014 and the injuries and damages sustained by Plaintiff, occurred while the Plaintiff was engaged in the course of his duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

5.      At all times relevant hereto, the acts of omission and commission which caused the injuries to Plaintiff were done by the Defendant, its agents, servants and/or employees acting in the course and the scope of their employment within and under the direct and exclusive control of the Defendant.

6.      At all times relevant hereto, the property, tools, equipment, materials and/or operations involved in the injuries sustained by the Plaintiff were owned and/or under the direct and exclusive control of the Defendant, its agents, servants and/or employees.

7.      Plaintiff's cause of action arises under the Federal Employer's Liability Act ("F.E.L.A."), 45 U.S.C. §51, et seq., Federal Safety Appliance Act 45 U.S.C. §§ 1-16 and/or Locomotive Inspection Act, 49 USC § 20701.

8.      While working for the Defendant, Plaintiff was exposed to excessive and harmful cumulative trauma to his hands, wrists and arms due to the tools and/or equipment with which he performed his work and the constant and repetitive nature of his railroad work.

9.      Less than three years before this action was filed, Plaintiff discovered that he suffered from occupational carpal tunnel syndrome,  as a result of repetitive occupational trauma to his hands, wrists and arms, and until such time, Plaintiff was reasonably ignorant of same.

10.     Plaintiff's injuries were caused and/or contributed to, in whole or in part, by exposure to excessive repetition, force, awkward postures and/or vibration to his hands, wrists and arms while working Defendant.

2

11.    Plaintiff's injuries were caused and/or contributed to, in whole or in part, by the negligence of Defendant in the following particulars:

(a)    In failing to provide Plaintiff a reasonably safe place in which to work;

(b)    In failing to comply with the applicable safety rules and/or regulations;

(c)    In failing to take any effective action to reduce the amount of repetitive trauma of the upper extremities to which Plaintiff was exposed;

(d)    In failing to test the Plaintiff for physical effects of repetitive trauma to the upper extremities, and failing to take appropriate action including advising the Plaintiff as to the test results;

(e)    In failing to exercise reasonable care to adequately warn the Plaintiff of the risks, dangers and harm of repetitive trauma to his upper extremities;

(f)    In negligently requiring and/or allowing the Plaintiff to be exposed to unsafe levels of repetitive trauma to the upper extremities;

(g)    In negligently failing to inspect or monitor the job duties where the Plaintiff was required to work;

(h)    In negligently failing to warn the Plaintiff of the risk of carpal tunnel syndrome as a result of exposure to repetitive occupational trauma to the upper extremities;

(i)    In negligently failing to provide the Plaintiff with protective equipment designed to protect him from carpal tunnel syndrome as a result of exposure to repetitive occupational trauma to the upper extremities;

(j)     In negligently providing the Plaintiff with tools and/or equipment which the Defendant knew or should have known caused carpal tunnel syndrome as a result of exposure to repetitive occupational trauma to the upper extremities;

(k)     In negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding carpal tunnel syndrome;

(l)     In negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate cumulative trauma to which the Plaintiff was exposed;

(m)    In negligently failing to make reasonable efforts to ascertain the risks and hazards of occupational carpal tunnel syndrome;

(n)     In negligently failing to provide Plaintiff with adequate manpower and assistance to safely perform the assigned tasks, and;

(o)     In negligently failing to provide Plaintiff with adequate tools and/or equipment to safely perform the assigned tasks.

12.   Defendant's negligence, in whole or in part, caused and/or contributed to the development of Plaintiff's bilateral carpal tunnel syndrome.

13.   As a result of Defendant's negligence, Plaintiff required medical treatment, medical care including carpal tunnel release surgery and incurred medical bills and medical expenses.

14.   As a result of Defendant's negligence, Plaintiff lost time from work and lost wages.

15. As a result of Defendant's negligence, Plaintiff sustained pain and suffering, mental anguish and loss of enjoyment of life.

16. Plaintiff, Darren Badgett, demands a jury trial.

**WHEREFORE**, Plaintiff, Darren Badgett, demands judgment in his favor and against the Defendant, Massachusetts Bay Commute Railroad Company, for an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and the costs of this action

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN HIS COMPLAINT.**

> Respectfully Submitted,
> Darren Badgett,
> By his attorney,
>
>  /s/Michael J. McDevitt
> Michael J. McDevitt, Esq. (BBO #564720)
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 345
> Boston, MA 02210
> Tel: (617) 439-4990
> Fax: (617) 439-3987
> mmcdevitt@lawson-weitzen.com

Dated: March 18, 2016